UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

ARTE RODRIGUEZ, #442795 :

v. : CIVIL ACTION NO. JKB-16-955

WARDEN KATHLEEN GREEN :

**MEMORANDUM**

Arte Rodriguez, currently confined at the Eastern Correctional Institution ("ECI") in Westover, seeks to remove an immigration detainer lodged against him by the Department of Homeland Security ("DHS"). Rodriguez does not challenge his criminal conviction or sentence. ECF 1. His petition is therefore considered pursuant to 28 U.S.C. § 2241.

Respondent, the Warden of ECI, moves to dismiss the petition, arguing that Rodriguez is not "in custody" for the purpose of § 2241. ECF 7-1 at p. 1. Respondent further argues that this court is without jurisdiction to preemptively consider any challenges to removal proceedings that DHS later may initiate against him. *Id.* at pp. 1-2. For reasons to follow, the petition shall be dismissed and a certificate of appealability shall not be issued.

**Background**

Respondent's presentation of facts is not disputed. Rodriguez, a citizen of Mexico, entered the United States illegally. On March 14, 2014, Rodriguez pleaded guilty to second-degree assault in the Circuit Court for Prince George's County, Maryland, and was sentenced to ten years of incarceration, with all but sixty days of the sentence suspended. *State of Maryland v. Rodriguez,* Case No. CT131503X; ECF 7-4. In January of 2015, Rodriguez was charged with attempted murder, three counts of assault, and two counts of gang association. On October 23,

2015, Rodriguez pleaded guilty to two counts of second-degree assault and was sentenced to ten years of incarceration with all but two years suspended on the first conviction, and ten years of incarceration to run consecutively, with all but three years suspended, plus five years of supervised probation as to the second conviction. The probationary period contained a stipulation that "probation to be transferred to unsupervised if defendant is deported." ECF 7-4 at p. 6; *State of Maryland v. Rodriquez,* in Case No. CT150376A.

United States Immigration and Customs Enforcement ("ICE") has not yet initiated removal proceedings against Rodriguez, but may do so, pursuant to 8 U.S.C. § 1182(a)(2)(B) ("Any alien convicted of 2 or more offenses…regardless of whether the conviction was in a single trial or whether the offenses arose from a single scheme of misconduct…,for which the aggregation sentences to confinement were 5 years or more is inadmissible.") ICE lodged an immigration detainer against Rodriguez on November 16, 2015, citing his multiple convictions as the bases for believing him removable, and noting his gang association as a basis for designating his removal a high priority. ECF 1-2. This petition followed.

**Discussion**

Pursuant to 8 C.F.R. § 287.7(a),

> A detainer serves to advise another law enforcement agency that the Deparment seeks custody of an alien presently in the custody of that agency, for the purpose of arresting and removing the alien. The detainer is a request that such agency advise the Department, prior to release of the alien, in order for the Department to arrange to assume custody, in situations when gaining immediate physical custody is either impracticable or impossible.

The immigration detainer "simply informs [the current custodian] that it should inform ICE prior to petitioner's release so that he can be detained pending a removal hearing." *Akinro v. U.S. Dep't of Homeland Sec.,* No. CCB-06-273 (D. Md.) (citing *United States v. Gonzalez-*

*Mendoza*, 985 F.2d 1014, 1015 (9th Cir. 1993)), *aff'd* 203 F. App'x 529 (2006). Until that occurs, Rodriguez simply is not "in custody" with ICE; he remains a state prisoner completing a state sentence.

Further, Rodriguez has no entitlement to an immediate determination of the removal issue by immigration officials. His continued confinement until the completion of his term of incarceration does not violate the Constitution or laws of the United States, and Rodriguez has no private right of action to compel immediate review of removal proceedings prior to the completion of his term of incarceration.[1] *See Escobar v. U.S. Dept. of Justice*, 2005 WL 1060635 (E.D. Pa. May 5, 2005) (no cause of action to compel resolution of immigration detainer).

Rodriguez has no absolute entitlement to appeal this court's denial of his habeas corpus request. *See* 28 U.S.C. § 2253(c)(1). A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)). Rodriguez has failed to demonstrate entitlement to a COA in the instant case.

---

[1] There is no existing private right of action for immediate removal. *See, e.g., United States v. Marin-Castaneda*, 134 F.3d 551, 556 (3d Cir. 1998); *Thye v. United States*, 109 F.3d 127, 128-29 (2d Cir. 1997); *Koos v. Holm*, 204 F. Supp. 2d 1099, 1108-09 (W.D. Tenn. 2002).

A separate order follows.

Date: July 25, 2016

/s/
James K. Bredar
United States District Judge